## Milam Cary v. W. H. Welch.

1.  APPELLATE COURT PRACTICE—*Waiver of the Right to Call in Question the Admissibility of Evidence.*—Where a motion for a new trial does not contain any claim that the court admitted improper evidence in the trial, the appellant waives his right to assign the same as a ground for a reversal of the judgment.

Assumpsit, for a breach of warranty.   Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Heard in this court at the May term, 1898.   Affirmed.   Opinion filed December 2, 1898.

A. M. CONRAD and TIPTON & TIPTON, attorneys for appellant.

WELTY & STERLING and SHELTON L. SMITH, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This suit was commenced by the appellee against the appellant before a justice of the peace, and resulted in a judgment for the appellee for $75, from which the appellant took an appeal to the Circuit Court of McLean County, where a trial was had by jury and resulted in a verdict and judgment for the appellee for $45 and costs.

The appellant brings the case to this court by appeal and urges as grounds for reversing that judgment : (1) that the court admitted improper evidence on the trial; (2) that the court gave improper instructions at the request of the appellee; (3) that the court refused proper instructions requested by the appellant; and (4) that the verdict is contrary to the law and the evidence and the damages are excessive.

The appellee sued to recover damages for a breach of warranty of a mare purchased by him from the appellant.

The evidence showed that the appellant was a keeper of a livery stable in Bloomington, and wanted to buy a black horse or mare to match a black mare he owned, so as to have a match team of blacks to drive to his hearse at funerals.

The appellant owned a black mare which, in color and size, matched the one appellee owned, and after considerable negotiations between them, the appellee purchased of the appellant his black mare, paying him $75 therefor. There was a conflict in the evidence on the question of whether the appellant did or did not warrant the mare to be a true puller, and one that did not balk and was a suitable animal to use to a hearse.

After the appellee had purchased the mare he hitched her several times to the hearse with his other mare, but she balked and kicked so that he had to take her out and get another horse in her place in order to proceed. He then took the mare to the appellant and tried to get him to take her back and refund to him the purchase price, which the appellant declined to do.

The evidence varied as to the value of the mare in question if she was or was not balky. The motion for a new trial did not contain any claim that the court admitted improper evidence in the trial, hence the appellant waived his right to assign and urge that in this court as a ground for a reversal of the judgment in this case. The verdict has ample evidence to support it, hence we will not disturb it on that account; nor are the damages assessed excessive.

We have examined all the instructions offered for both the appellant and the appellee, and find that the Circuit Court committed no error in those given, nor in refusing those that were not given.

On the whole record we are satisfied that the verdict and judgment herein is right and ought to stand, hence we affirm the judgment.   Judgment affirmed.